# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CRIMINAL ACTION NO. 5:16-CR-00041-KDB-DCK-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **ORDER** |
| **BYRON JOSEPH KNOX,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant's Motion to Terminate Supervised Release. (Doc. No. 41) ("Motion").

On October 17, 2016, Defendant pled guilty to one count of possession with intent to distribute cocaine and aiding and abetting the same and one count of possession of a firearm and ammunition by a convicted felon. Defendant was sentenced to 65 months of imprisonment to run consecutive to the sentence in 5:98-cr-192 and 3 years of supervised release. (Doc. No. 26).

Title 18 U.S.C. § 3583(e) states that a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1).

In support of his Motion, Defendant states that he has passed all his drug tests during his supervised period, has maintained employment often working two jobs and building his entrepreneurship, has fed the homeless in uptown Charlotte, donated clothes and other items to Roof Above in Charlotte, and returned a woman's pocketbook that he found which contained a lot

of money and uncashed checks. His current supervising officer shares with the Court that he has improved his living situation tremendously by moving from a hotel into a stable apartment and has obtained reliable transportation. Although Defendant's adjustment to supervision has been positive, due to his arrest in late 2022, the supervising officer objects to early termination of Defendant's supervised release and feels he needs continued supervision. The Court agrees with the supervising officer. The Court will deny Defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Terminate Supervised Release, (Doc. No. 41), is **DENIED** without prejudice. Defendant's term of supervised release shall continue as originally sentenced. The Clerk is directed to serve a copy of this Order on Defendant and the United States Probation Office.

**SO ORDERED**.

Signed: February 12, 2024

Kenneth D. Bell
United States District Judge